Curia, per
Butler, J.
In approaching thé questions in this case, many of the difficulties have been removed by the opinion of the Court, in the case of Neve for Kohnke vs. the Charleston Insurance Company. Whether the stock of goods described in this policy, was the same as that described and covered by the Charleston policy, was a question of fact, properly submitted to the jury, and so far from our being dissatisfied with their finding, we think there was sufficient evidence to have warranted it. At the time the goods were sold to Neve, they were estimated to be worth not more than $2200, and it seems probable at least, that at that time, he had no means of his own to increase the stock, and the profits must have been excessive, *226 if by them he subsequently increased its value to $4000 or $6000. He himself suffered his stock of goods, at two different times, to be valued at $3000, by taking a policy on them, at each time, for $2000. This question of fact being settled by the verdict, we must assume that two different policies have been taken, on the same stock of goods. And the main question in the case now occurs, was the policy on which this action is brought a double policy, and procured to be made without notice or by a suppression of truth, in relation to the first'? Because if so, it is void by the terms of the policy itself, which contains this explicit clause, “In case the buildings or goods herein mentioned, have been already, or shall be hereafter insured by any policy issued from this office, or by any agent for this office, or by any other Insurance Company, or by any private insurer, such other insurance must be made known to this office, and mentioned in or indorsed on this policy, otherwise, this policy to be void” The Charleston policy is not mentioned in or endorsed on this policy ; and I think the evidence was entirely satisfactory, that no notice at all of the former policy was given to the under-writers of this ; otherwise, why was there not a memorandum of it'l Stript of all the extraneous circumstances, the question resolves itself into this. Was Neve the plaintiff, bound to give notice of the first policy 1 In fair dealing and good faith, we think he was. If he had parted with his entire right in the first insurance, by an equitable assignment to Kohnke, he he might possibly have felt himself at liberty to take this policy without notice. I am, however, very far from sanctioning such an idea. He had the exclusive title to the goods insured, and does not occupy the position of a mortgager, who had assigned to his mortgagee a policy taken to secure his interest, and who might have been at liberty to take out another policy to secure his own, to wit, an equity of redemption. Such was the case in 7th and 17th Wendall, referred to in another opinion. There are many good objections to the judgments on this point, in the cases referred to, but I am not called on to review or sanction these decisions. They may well stand on their peculiar facts, whilst the question in the case before the Court, would not be affected by them, for it has been shewn, that *227 at no time had Neve parted with his entire interest in the Charleston policy. He placed it in the possession of his judgment creditor, with only an equitable and limited interest in it. Independent of Kohnke’s lien on the papers, Neve still could have collected the policy, and realized from it $1000. In fact, it was legally his policy, and honesty required that he should have given notice of its existence, before he procured the one on which this action is brought. In addition to the fact of his giving no notice, as required by the policy, he suppressed the truth in relation ■to the former one, for lie said to Mr. Robinson, that there was no other policy on the stock of goods, and that he had stood his own underwriter. If this be true, (of which I have little doubt,) the plaintiff was guilty of a flagitious fraud, which in fact, made his policies worth more than his goods, and if he could have realized the sums called for by them, it was his interest that his goods should have been destroyed, as they were about 3 months after the last policy was taken, and about 20 days before the expiration of the first. Courts should sustain Insurance Companies, in discountenancing double policies, as they weaken the inducement of the assured to take care of their property, and thereby jeopard the security and safety of whole cities. Prudence as well as justice, induces us to sanction the verdict of the jury, which has condemned the bad faith of the plaintiff. Insurance companies run risks, which is the source of their profits, but they are entitled to have good faith observed toward them.
The motion is refused.
We concur. Josiah J. Evans, D. L. Wardlaw.
O’Neall, J. having an interest in the Company, gave no opinion.